UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DURHAM SCHOOL SERVICES, L.P. | CIVIL ACTION |
| VERSUS | NO. 12-277 |
| SOJOURNER TRUTH ACADEMY | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is the "**Motion for Summary Judgment,**" filed by Plaintiff Durham School Services, L.P. ("Plaintiff"). This motion is opposed by Defendant Sojourner Truth Academy ("Defendant"). After considering the memoranda filed by the parties, including Plaintiff's Reply Memorandum, the Court rules as set forth herein.

**I. BACKGROUND**

Defendant Sojourner Truth Academy and Plaintiff Durham School Services entered into an Agreement for Transportation Services (the "First Agreement") commencing October 1, 2010 and ending July 31, 2011. Pursuant to this First Agreement, Plaintiff, a company that provides transportation services for schools throughout the country, agreed to provide bus transportation to the students of Defendant on an as needed, as available basis. According to the outlined terms of the First Agreement, Defendant was required to pay Plaintiff within ten days of Plaintiff submitting the invoice. If Defendant failed to make the payments as required by the First Agreement, Plaintiff could discontinue services until payment was made. The First Agreement also provided for a late charge, which accrued at a rate of 1.5% of the outstanding balance per month. Plaintiff has not received payment for invoices dated January, April, and May 2011.

Upon conclusion of the First Agreement, Plaintiff and Defendant entered into a Second Agreement, whereby Plaintiff agreed to continue to provide Defendant with bus transportation services for the 2011 to 2012 school year. Except for a small hourly rate increase, the terms of this Agreement were identical to the terms of the First Agreement. Plaintiff has not received payment for any of its services provided pursuant to the Second Agreement. The outstanding balance for both the First and Second Agreement remains $222,298.00 plus late charges.

In October 2011, Plaintiff met with Defendant to work out a payment plan to pay the outstanding balance. Defendant has been unable to satisfy the terms of the plan. Plaintiff terminated services in January 2012 and then filed the instant lawsuit against Defendant.

## II. ARGUMENTS OF THE PARTIES

Plaintiff argues that there is no genuine issue of material fact as to whether Defendant breached the First and Second Agreements. Plaintiff claims that by failing to pay for the transportation services, Defendant has not fulfilled its contractual obligation. Plaintiff prays the Court grant summary judgment in its favor.

Defendant counters that summary judgment is inappropriate as there are genuine issues of material fact as to whether the First and Second Agreements may be enforced. First, Defendant argues that written agreements are only binding on signing parties. Because Plaintiff can not produce a copy of the Second Agreement signed by Defendant, Defendant claims it is not obligated to pay for Plaintiff's services provided for the 2011 to 2012 school year. In the alternative, Defendant argues that the modified terms of the Second Agreement must not be

enforced. Absent its signature to the terms of this Second Agreement, Defendant claims there is no evidence that it approved the modified terms increasing the hourly rate. Second, Defendant argues that Plaintiff has waived its rights to the payment provisions because it exhibited conduct inconsistent to the Agreements' terms. Defendant claims that it did not receive the invoices dated January, April, or May 2011 until its meeting with Plaintiff in October 2011. Because of Plaintiff's delay in producing these unpaid invoices, Defendant argues that Plaintiff has relinquished its right to payment provisions pursuant to the Agreements. Finally, Defendant contests the amount of the invoice dated January 2011. Defendant argues that Plaintiff kept inaccurate records and disputes the amount of $1,757,28.

Plaintiff, in its Reply Memorandum, has agreed to reduce the increased rate of the Second Agreement to the rate set forth by the First Agreement. For the purposes of this Motion, Plaintiff also has agreed to waive its late fee and the disputed invoice of the January invoice of $1,757.28. Plaintiff requests the Court issue summary judgment against Defendant for the amount of $216,835.41.

## III. DISCUSSION

### A. Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may demonstrate the absence of a genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d. 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*citations omitted*). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (*emphasis omitted*) (*citing*

*Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgement, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficent to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys,* 298 F.3d. 434, 440 (5th Cir. 2002).

**B. Analysis**

Upon reviewing the submissions of the parties regarding Plaintiff's Motion for Summary Judgment, the Court finds that Defendant has not raised any genuine issues of material fact. The Plaintiff therefore prevails as a matter of law, for the following reasons:

> **1. The absence of Defendant's Signature on Second Agreement does not negate Defendant's contractual obligations.**

Louisiana Civil Code art. 1837 provides, "an act under private signature need not be written by the parties, but must be signed by them." La. Civ. Code art. 1837. Defendant relies on

this authority to claim that a party is not bound by a written agreement absent the party's signature approving the agreement. Defendant, however, ignores section (b) of this article, which states that the article is not intended to negate the validity of an agreement if the non-signing party exhibits conduct revealing that it has "availed" itself of the contract. *Id*. The non-signing party's acceptance results "from his acts in availing himself of its stipulations, or in doing some act which indicates his acceptance." *Id*.; *see also Balch v. Young*, 23 La.Ann. 272 (1871).

Here, Defendant's actions over a lengthy period of time indicated its acceptance of the Second Agreement. Defendant was certainly aware that Plaintiff continued to provide bus transportation for its students, and Defendant did not object to Plaintiff's continued performance during the 2011 to 2012 school year. This is further evidenced by Defendant's draft of a payment plan - Defendant clearly understood that it owed Plaintiff for the transportation services provided. If Defendant did not believe it had a contractual obligation to pay for the services, it had a perfect opportunity to raise that objection at the time the terms of the payment plan were negotiated. Having received the benefit of Plaintiff's performance without objection, Defendant is required to fulfill its own contractual obligations to pay for the services provided.

Whether Defendant owes the increased prices of the Second Agreement is no longer an issue for the Court at this time. For the purposes of this Motion, Plaintiff has agreed to reduce the outstanding balance owed by Defendant to reflect the rate pursuant to the First Agreement.

### 2. Whether Plaintiff waived its rights to the payment provisions of the Agreements is immaterial for the purposes of summary judgment.

Louisiana law provides that a party to an agreement waives terms of a contract through (1) an actual intent to relinquish it, or (2) conduct so inconsistent with the intent to enforce the right that it induces a reasonable belief that it relinquished the right. *Steptore v. Masco*

*Construction Co.*, 93-2064 (La. 8/14/94); 643 So.2d 1213, 1216. Defendant relies on this authority to argue that Plaintiff has waived its rights to the payment provisions pursuant to the First and Second Agreements. Defendant claims that Plaintiff exhibited inconsistent conduct with the terms of the Agreements when it delayed the submission of invoices dated January, April, and May 2011.

The Court finds the arguments advanced by Defendant to be immaterial to the outcome of this decision. First, whether Plaintiff waived its rights to the payment provision charging late fees is not an issue for the Court at this time. For the purposes of this motion, Plaintiff has agreed to waive this payment provision.(Rec. Doc. 28, p. 6). Second, Plaintiff's conduct in delaying the invoices dated January, April, and May 2011 does not excuse or release Defendant from its contractual obligation to pay for the services that Plaintiff provided. The Court finds that Plaintiff did not exhibit conduct "so inconsistent" with the terms of the Agreements as to relinquish its right to receive payment for the delayed invoices. Pursuant to the Agreements, Plaintiff agreed to submit invoices "on or about" the first business day following service. ( Exhibit A to Rec. Doc.1, p. 2; Exhibit B to Rec. Doc.1, p. 3). The language of this provision is ambiguous; certainly, Plaintiff was not required to submit invoices following every business day that it serviced Defendant. Because the language of the provision is unclear, the Agreements do not provide a definitive rule for how soon after service Plaintiff should supply invoices to Defendant. Therefore, Plaintiff's conduct was not "so inconsistent" that it waived its right to receive payment.

Even if the Court were to find the Plaintiff exhibited inconsistent conduct with the payment provisions, this finding would not excuse Defendant from paying the delayed invoices. Regardless of whether Plaintiff delayed the invoices, Plaintiff still provided a service to

Defendant, the benefit of which was accepted and received by Defendant, and Defendant therefore must meet its contractual obligations.

## IV. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Motion for Summary Judgment"** is **GRANTED.**

New Orleans, Louisiana, this 12th day of June, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**